IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01027-BNB

PAUL W. SPENCE,

      Plaintiff,

v.

CCA,
LOUIS CABILING, MD, DOC, et al., and
ARISTEDES ZAVARAS,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Paul W. Spence, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Spence initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights are being violated. He asks for money damages and injunctive relief.

The Court must construe the Complaint liberally because Mr. Spence is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Spence will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

Mr. Spence must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Spence must name and show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Although Mr. Spence has asserted what Defendant Louis Cabiling did to violate his constitutional rights, he has not asserted what remaining named defendants have done. Mr. Spence will be directed to file an Amended Complaint that alleges how each named defendant personally participated in the asserted constitutional violation.

Mr. Spence also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Spence file within thirty days from the date of this Order an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Spence, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Spence fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED April 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01027-BNB

Paul W. Spence
Prisoner No. 61835
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 29, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk