IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01027-CMA-MEH

PAUL W. SPENCE,

    Plaintiff,

v.

LOUIS CABILING, MD, DOC,

    Defendant.

___

**ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY**
___

Before the Court is Defendant's Motion to Stay Discovery [filed October 17, 2011; docket #33]. The Motion has been referred to this Court for disposition. (Docket #34.) Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Stay Discovery.

**I.     Background**

Plaintiff brings this lawsuit under 42 U.S.C. §1983 as a *pro se* litigant incarcerated in the Colorado Department of Corrections. Plaintiff's initial complaint, filed April 18, 2011, named Corrections Corporation of America ("CCA"), Dr. Louis Cabiling, M.D., DOC, and Aristedes Zavaras, as defendants. (Docket #1.) In an order issued on April 29, 2011, Magistrate Judge Boland directed Plaintiff to file an amended complaint describing in greater detail the personal participation of CCA and Zavaras. (Docket #7.) In light of Plaintiff's failure to timely file an amended complaint, Judge Babcock dismissed defendants CCA and Zavaras, leaving Dr. Cabling as the only

remaining defendant. (*See* docket #12.) Due to a misunderstanding regarding whether Plaintiff's amended complaint was accepted as filed, Defendant filed a motion to stay [docket #22] and a motion to dismiss [docket #19] which pertained to the non-operative amended complaint. On September 15, 2011, this Court denied Defendant's motions without prejudice and directed Plaintiff to file a second amended complaint, which Plaintiff filed on September 30, 2011. (*See* docket #30.)

Construing Plaintiff's Second Amended Complaint liberally, Plaintiff alleges that Defendant acted with deliberate indifference in failing to properly treat and diagnose injuries to Plaintiff's left knee and hip. (*See* docket #31.) Plaintiff asserts that Defendant's alleged malpractice violated his Eighth and Fourteenth Amendment rights under the United States Constitution. (*Id.* at 4-6.) Plaintiff requests declaratory and injunctive relief, in addition to compensatory and punitive damages. (*Id.* at 8.)

Defendant filed a Motion to Dismiss the Second Amended Complaint on October 17, 2011. (Docket #32.) Defendant contends that Plaintiff's Eighth and Fourteenth Amendment claims are not cognizable, that Plaintiff's claims are barred by the statute of limitations, and that he is entitled to sovereign immunity under the Eleventh Amendment and qualified immunity. (*Id.* at 3-12.) Defendant also filed the present Motion to Stay Discovery, asserting that discovery in this matter should be stayed because the Motion to Dismiss is based in part on qualified immunity. (Docket #33.)

**II.     Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800,

818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).  Here, Defendant raises qualified immunity as a defense in the pending Motion to Dismiss.

A stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay is appropriate here, pending adjudication of the Motion to Dismiss.  *See String Cheese,* 2006 WL 894955, at *2.  First, with respect to the first and second factors, there can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendant's burden.  In light of the Supreme Court's instruction regarding qualified immunity, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result.  *See String Cheese,* 2006 WL 894955,

at *2. Considering judicial efficiency and economy and the burden of discovery, the Court finds a temporary stay to be appropriate at this stage of the litigation. Moreover, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question. Thus, the Court will grant Defendant's Motion to Stay.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery [filed October 17, 2011; docket #33] is **granted**. Discovery is temporarily stayed pending resolution of Defendant's Motion to Dismiss. The parties shall file a status report within three business days of receiving a ruling on the Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Entered and dated at Denver, Colorado, this 24th day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge